UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60731-CIV-COHN

JONATHAN R. YOUNG,

Magistrate Judge Snow

    Plaintiff,

vs.

CAPITAL ONE BANK, HARRIS & DIAL PC,
WILLIAM H. HARRIS and KAREN O'CONNER,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants Harris & Dial, William H. Harris and Karen O'Conner's Motion to Dismiss [DE 4]. The Court has carefully considered the motion and response thereto, and is otherwise fully advised in the premises. The motion became ripe on June 18, 2007, with the passage of the deadline to file a reply memorandum.

### I.  BACKGROUND

Plaintiff filed this action in state court alleging violations by Defendant Capital One Bank of the Fair Credit Billing Act and violations by the Harris & Dial Defendants[1] of the Fair Debt Collection Practices Act. Plaintiff had a Capital One credit account which was placed in collection beginning in September of 2006. ¶ 8, Affidavits of William Harris [DE 6] and Karen O'Conner [DE 7]. Up through this point, all contact with Plaintiff, a resident of Maine, was at his Maine addresses and telephone numbers.

---

[1] Unless otherwise noted, Harris & Dial, William Harris, managing partner of the firm, and Karen O'Conner, Litigation Supervisor with the Harris firm, will collectively be known as "Harris & Dial Defendants."

Harris & Dial, a debt collection law firm, was assigned the Capital One defaulted credit account in early February of 2007.  Id., ¶ 5.  All contact with Plaintiff was at his Maine address until he changed his billing address on his Capital One credit account to his attorney's address in Coral Springs, Florida.  In an attempt to validate his debts, Plaintiff's counsel mailed a billing dispute letter or letters to Capital One to dispute charges on his account.

Meanwhile, Harris & Dial continued attempts to collect the debt.  One action taken in its collection efforts in April of 2007, was to send an Affidavit of Indebtedness to Plaintiff's counsel in Florida, after Plaintiff had changed his billing address to his attorney's address.  Plaintiff alleges that the Affidavit of Indebtedness is false, deceptive or misleading in violation of 15 U.S.C. § 1692e.  Complaint, ¶¶ 20-21.  Plaintiff also alleges that Harris & Dial and William Harris committed violations of 15 U.S.C. § 1692d by harassing, oppressing, or abusing Plaintiff.

The Harris & Dial Defendants have moved to dismiss this action for lack of personal jurisdiction and for improper venue.  Plaintiff filed a response to the motion.  No reply was filed.

## II.  DISCUSSION

### A.  Personal Jurisdiction

The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis. When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) of the Federal Rules of Civil Procedure requires that both assertion of jurisdiction and service of process be

determined by the state long-arm statute. Cable/Home Communication Corporation v. Network Productions, Inc., 902 F.2d 829, 855 (11th Cir. 1990); Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1358 (Fed. Cir. 1998).  If there is a basis for the assertion of personal jurisdiction under the state statute, the Court must next determine whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945).  Only if both prongs of the Due Process analysis are satisfied may this Court exercise personal jurisdiction over a nonresident defendant.  Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996) (citing Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990); International Shoe Co. v. Washington, 326 U.S. at 316, 66 S.Ct. at 158).

When the district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff must establish a prima facie case of personal jurisdiction over a nonresident defendant.  A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. The district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits.  However, where the plaintiff's complaint and the defendant's affidavits conflict, the district court must construe all reasonable inferences in favor of the plaintiff. Robinson, 74 F.3d at 255 (11th Cir. 1996) (citing Madara, 916 F.2d at 1514).

### 1.  Florida Long-Arm Statute

Plaintiff's Amended Complaint asserts jurisdiction under Florida Statutes Section 48.193(1)(a), (1)(b), and (2).  However, in opposition to the motion to dismiss, Plaintiff only argues that the Defendants' conduct meets the jurisdictional requirements of § 48.193(1)(a) and (1)(b):

> Jurisdiction is proper in Florida if a person does any of the following acts:
>
> (1)(a) operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>
> (b) Committing a tortious act within this state.

Defendants argue that the Affidavits of William Harris [DE 6] and Karen O'Conner [DE 7] controvert the assertion of Plaintiff that jurisdiction is proper in Florida.  However, a careful reading of the affidavits reflect that all contacts with **this** Plaintiff were in Maine, until his counsel in Florida took over the contacts.  Affidavits, ¶ 9-10.  The affidavits are not clear that the Harris & Dial Defendants lack contacts with Florida in regard to other consumers.

In opposition to the motion, Plaintiff presents evidence in support of jurisdiction pursuant to § 48.193(1)(a) that Harris & Dial have a valid license to conduct consumer collection activities in Florida, file annual reports with the Florida Secretary of State, and have a registered agent within the State who was served in this case.  Exhibits A and B to Plaintiff's Opposition to Defendant's Motion [DE 8-2].   Plaintiff relies upon <u>Hobbs v. Don Mealey Chevrolet, Inc.</u>, 642 So.2d 114d9, 1153-54 (Fla. Dist. Ct. App. 1994), for the proposition that possessing a license to do business in Florida is a relevant factor for personal jurisdiction.  The Court agrees.  Combined with service

upon a registered agent in Florida, and the absence of evidence that Harris & Dial do not conduct any other collection business in the state, leads this Court to conclude that the long-arm statute does apply to at least Harris & Dial PC.  See Rose's Stores, Inc. v. Cherry, 526 So.2d 749, 751 (Fla. Dist. Ct. App.), *rev. denied*, 534 So.2d 401 (Fla. 1988).  However, this analysis would not apply to individual defendants Harris and O'Conner.

With regard to § 48.193(1)(b), making telephonic, electronic, or written communications into Florida can constitute "committing a tortious act" to subject a nonresident defendant to personal jurisdiction in Florida.  Wendt v. Horowitz, 822 So.2d 1252, 1253 (Fla. 2002).  Physical presence in Florida is not required.  Therefore, all Defendants are subject to the Florida long arm statute for the submission of the allegedly deceptive Affidavit of Indebtedness.

### 2.  Minimum Contacts

The Court turns next to the due process part of the personal jurisdiction test.  The due process component of personal jurisdiction involves a two-part inquiry.  In the first prong, the Court must consider whether Defendants engaged in minimum contacts with the state of Florida.  In the second prong, the Court must consider whether the exercise of personal jurisdiction over Defendant would offend "traditional notions of fair play and substantial justice."  Cronin v. Washington Nat'l Ins. Co., 980 F.2d 663, 670 (11th Cir. 1993) (citing International Shoe Co., 326 U.S. at 316, 66 S.Ct. at 158; Madara, 916 F.2d at 1515-16).

Minimum contacts involve three criteria:  First, the contacts must be related to

the plaintiff's cause of action or have given rise to it. Second, the contacts must involve some purposeful availment of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws. Finally, the defendant's contacts within the forum state must be such that it should reasonably anticipate being hailed into court there. Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 631 (11th Cir. 1996).

All three criteria are met in this case. The collection efforts directed to Florida gave rise to the Plaintiff's cause of action, even though Plaintiff's counsel created those Florida contacts by having Plaintiff change his billing address to his counsel's address in Florida. Second, because Harris & Dial have a license to conduct collection activities within Florida, it has purposefully availed itself of the privilege of conducting activities within Florida. Third, these collection activities directed toward Florida should have put Defendants on notice that it could be sued in Florida.

### 3. Traditional Notions of Fair Play and Substantial Justice

In this Circuit, the factors to decide whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" are: 1) the burden on the defendant in defending the lawsuit; 2) the forum state's interest in adjudicating the dispute; 3) the plaintiff's interest in obtaining convenient and effective relief; 4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and, 5) the shared interest of the states in furthering fundamental substantive social policies. Cronin, 980 F.2d at 671 (citing Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102, 113 (1987); Madara, 916 F.2d at 1517).

As Plaintiff argues, given modern methods of travel, while there is a burden on Defendants in defending the lawsuit in Florida, that burden is slight.  However, the remaining factors do not favor personal jurisdiction in Florida.  As to the second factor, the claims are under federal law and Plaintiff is not a resident of Florida, so Florida has little interest in adjudicating this dispute, although Defendant Harris & Dial is licensed in Florida.  Third, as Plaintiff resides in Maine, it is only his counsel that has an interest in litigating this lawsuit in Florida for convenience and efficiency purposes.[2]  Fourth, it is not clear that the most efficient resolution of this controversy is for the case to continue in Florida, as venue is lacking as to the individual Defendants.  Finally, while all states presumably share in seeking enforcement of federal statutes, the location of that enforcement action, whether in Florida or Maine, does not impact furthering shared social policies.

The Court concludes that Plaintiff has not shown that traditional notions of fair play and substantial justice are satisfied by forcing the Harris & Dial Defendants to defend this case against a Maine resident in Florida.  At a minimum, it would be an injustice to force individual Defendants Harris and O'Conner to defend this lawsuit in Florida.  The Court therefore concludes that personal jurisdiction over Harris & Dial, William Harris and Karen O'Conner does not meet the due process requirements of the Fourteenth Amendment.

---

[2] Plaintiff's counsel asserts that property at issue in this lawsuit is located in Florida, in the form of an escrow account at Plaintiff's counsel's firm.  Unilateral transfer of funds to a different jurisdiction, such as creation of an escrow account with counsel cannot create personal jurisdiction where it otherwise is lacking.

**B.  Venue**

Even if personal jurisdiction could be shown over Harris & Dial, venue is lacking as to the individual Defendants Harris and O'Conner.  Although Plaintiff's Complaint and other filings never actually describe Plaintiff's place of residency or citizenship, the evidence that is submitted by Defendant indicates that Plaintiff is a resident of Maine.  He filed this action against Capital One, a national bank, state of citizenship unknown; Harris & Dial PC, a law firm headquartered and incorporated in Massachusetts; William Harris, an individual who is managing shareholder of Harris & Dial; and Karen O'Conner, an employee of Harris & Dial.

As the claims in this case are based upon federal question jurisdiction, a civil action wherein jurisdiction is not founded solely upon diversity of citizenship may be brought only in a judicial district where any defendant resides if all defendants reside in the same state, or a judicial district in which a substantial portion of the events giving rise to the claim occurred.  See 28 U.S.C. § 1391(b).  Each of these three Defendants are residents of Massachusetts, so venue is proper in that state.

Plaintiff asserts that because Plaintiff changed his billing address to this attorney's office in Florida, that collection or debt validation information sent by Defendants to Plaintiff's attorney, at Plaintiff's new billing address, thus forms a substantial portion of the events giving rise to the FDCPA claim.  The Court disagrees.  Accepting Plaintiff's argument would allow someone to force a non-resident Defendant to litigate in any state from which counsel is hired to dispute debt charges.  In this case, a Maine resident facing collection efforts from a Massachusetts law firm, hires a Florida

attorney and changes his billing address to the Florida attorney's address. The Massachusetts law firm, following proper procedure, then stops communicating with Plaintiff in Maine and instead communicates with Plaintiff's counsel, who happens to be located in Florida. The events giving rise to the FDCPA claim are the Massachusetts law firm's collection efforts, which would have all been directed to Maine, where Plaintiff resides, except for the fact that he hired an attorney located in Florida. The FDCPA is not meant to protect Florida attorneys, but rather consumers. The consumer in this case resides in Maine. Thus, a substantial portion of events giving rise to this action did not take place in Florida.

### III.  CONCLUSION

The Court notes that the remaining Defendant, Capital One Bank, has not yet been served, according to the docket in this case. Plaintiff shall report on the status of such service by the time of the Scheduling Conference on July 18, 2007.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Harris & Dial P.C., William H. Harris and Karen O'Conner's Motion to Dismiss [DE 4] is hereby **GRANTED** on both grounds;

2. This Court lacks personal jurisdiction over all three of these Defendants;

3. Venue as to these three Defendants in the Southern District of Florida is not proper;

4. Defendants Harris & Dial P.C., William H. Harris and Karen O'Conner are

hereby **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of June, 2007.

JAMES I. COHN
United States District Judge

copies to:

Laura Hess, Esq.
Ernest H. Kohlmeyer, III, Esq.