UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60731-CIV-COHN

JONATHAN R. YOUNG,

Magistrate Judge Snow

    Plaintiff,

vs.

CAPITAL ONE BANK, HARRIS & DIAL PC,
WILLIAM H. HARRIS and KAREN O'CONNER,

    Defendants.
_____/

**ORDER GRANTING BILL OF COSTS**
**ORDER TO SHOW CAUSE WHY CAPITAL ONE BANK SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE OR FILE STATUS REPORT**

THIS CAUSE is before the Court upon Defendants Harris & Dial, William H. Harris and Karen O'Conner's Bill of Costs [DE 12], docketed as a Motion for Bill of Costs. The Court has carefully considered the motion and notes that Plaintiff has failed to respond to the motion. A response was due by August 2, 2007.

I. BACKGROUND

Plaintiff filed this action in state court alleging violations by Defendant Capital One Bank of the Fair Credit Billing Act and violations by the Harris & Dial Defendants[1] of the Fair Debt Collection Practices Act. The Harris & Dial Defendants removed this case to federal court on May 24, 2007. The Harris & Dial Defendants moved to dismiss this action for lack of personal jurisdiction and for improper venue. After briefing of the motion, the Court granted the motion on both grounds, and dismissed these Defendants [DE 10]. These Defendants now move for taxation of costs in the amount

---

    [1] Unless otherwise noted, Harris & Dial, William Harris, managing partner of the firm, and Karen O'Conner, Litigation Supervisor with the Harris firm, will collectively be known as "Harris & Dial Defendants."

of $350.00 for the filing fee paid by them upon removal of the case.

## II.  DISCUSSION

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987).  Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).  However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co, 482 U.S. 437, 445 (1987).

28 U.S.C. § 1920, taxation of costs, provides as follows:

 A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

In the present case, Harris & Dial seek only to recover the filing fee of $350.00. Even if objected to, the Court sees no reason not to award this cost to the Harris & Dial Defendants. If Plaintiff eventually obtains a judgment against the sole remaining defendant, Capital One Bank, then Plaintiff could add this cost to their own bill of costs.

### III.  CONCLUSION

The Court notes that the remaining Defendant, Capital One Bank, has not yet been served, according to the docket in this case. In its July 2, 2007 Order, the Court directed Plaintiff to report on the status of such service by the time of the Scheduling Conference on July 18, 2007. Though the Scheduling Conference was cancelled, Plaintiff did not file a status report.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Harris & Dial, William H. Harris and Karen O'Conner's Bill of Costs [DE 12] is hereby **GRANTED**;
2. The Court shall separately enter a cost judgment for $350.00
3. Plaintiff shall show cause and file a status report as to service upon Capital One Bank by August 21, 2007. Failure to file a status report shall result in a determination that Plaintiff has abandoned its remaining claims and the case shall be closed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 7th day of August, 2007.

*[signature]*
JAMES I. COHN
United States District Judge

copies to:

Laura Hess, Esq.
Ernest H. Kohlmeyer, III, Esq.